IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**FEDERAL HOME LOAN MORTGAGE CORP.,**

    **Plaintiff,**

v.                                                            Civil Action No. 3:11-CV-2043-N-BK

**DANIEL HERNANDEZ, et al.,**

    **Defendants,**

### FINDINGS, CONCLUSION AND RECOMMENDATION

Pursuant to the District Court's referral of this case for pretrial management under *Special Order 3*, this cause is before the undersigned for a recommendation on Plaintiff's *Motion to Remand*. (Doc. 4). For the reasons set forth herein, Plaintiff's *Motion to Remand* (Doc. 4) should be granted.[1]

Plaintiff initiated this action against the *pro se* Defendants in state court for forcible detainer after Plaintiff purchased Defendants' property at a foreclosure sale in May 2011, but Defendants refused to vacate the premises. (Doc. 2 at 9; Doc. 4 at 1, Exh. 2). Plaintiff alleges that a hearing was held on the matter in June 2011, and a county justice of the peace entered judgment in Plaintiff's favor. (Doc. 4 at 2). Defendants then removed the case to federal court in August 2011, alleging that diversity jurisdiction existed. (Doc. 1 at 2). In particular, Defendants contend that they and Plaintiff are citizens of different states, and the subject real

---

[1] Although there is no binding precedent in this Circuit addressing whether a magistrate judge may adjudicate a motion to remand, several circuit courts have held that remands can only be effectuated by a district judge. *See Raspberry v. Capitol County Mut. Fire Ins. Co.*, 609 F. Supp.2d 594, 597 n.1 (E.D. Tex. 2009) (collecting cases). Accordingly, the undersigned will issue a recommendation, rather than a final order in this case.

property has a fair market value of $79,000.  (Doc. 1 at 1-2).

On August 19, 2011, Plaintiff moved for a remand of the case to state court, arguing that because Defendants are citizens of Texas, the state in which this action was brought, they could not remove the case to federal court under the plain language of the removal statute, 28 U.S.C. § 1441.  (Doc. 4 at 3).  As an alternative, Plaintiff contends that Defendants' notice of removal was untimely under 28 U.S.C. § 1446(b).  Defendants have not responded to Plaintiff's motion.

The federal district court has original jurisdiction of all civil actions where the amount in controversy exceeds $75,000 and the parties are citizens of different states.  28 U.S.C. § 1332(a).  A suit originally filed in state court is removable to federal court as long as none of the defendants is a citizen of the state in which the action is brought.  28 U.S.C. § 1441(b).  This is commonly known as the "forum-defendant" rule.  *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 392 (5th Cir. 2009).  Once a case is removed to federal court, a plaintiff may move to remand the case to state court within 30 days after the notice of removal is filed, except on the basis of lack of subject matter jurisdiction which can be raised at any time.  28 U.S.C. § 1447(c).  Removal statutes are strictly construed in favor of remand and against removal.  *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).

In this case, Defendants admit in their notice of removal that they are citizens of Texas.  (Doc. 2 at 13).  Because Defendants are citizens of Texas and have removed this case to a district court sitting in Texas, removal was improper under section 1441(b).  Further, Plaintiff timely moved to remand this case within 30 days of Defendants' filing of their notice of removal.  Accordingly, it is recommended that Plaintiff's *Motion to Remand* (Doc. 4) be **GRANTED**.

SO RECOMMENDED on September 26, 2011.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE